WASHINGTON L. HUBBELL *vs.* WASHINGTON BISSELL.

A judgment setting aside an award upon a submission before a justice of the peace under the Rev. Sts. *c.* 114, on the ground that it includes claims which cannot be so submitted, is no bar to an action on an agreement annexed to the submission, by which the parties agree to perform the award " in twenty days after the said arbitrators shall have made and published to the said parties their award in the premises."

ACTION OF CONTRACT on an agreement to perform an award. Answer, in the nature of a plea *puis darrein continuance,* a judgment of this court declaring the award void. Trial and verdict for the defendant in the superior court at February term 1860 before *Putnam,* J., to whose rulings the plaintiff alleged excep- tions, the substance of which is stated in the opinion.

*J. D. Colt & B. Palmer,* for the plaintiff.

*I. Sumner,* for the defendant.

HOAR, J. The submission to arbitration, in pursuance of which the award which is the subject of this action was made, was in the form provided by the Rev. Sts. *c.* 114. But the parties included in the submission the question how much the defendant should pay the plaintiff for the surrender of a certain lease; and it was held by this court that as this could not have been the subject of an action at law or a bill in equity, and as the arbitrators had awarded a gross sum which included a com pensation for the proposed surrender of the lease, it was not a valid award under the statute, and no judgment could be ren- dered upon it. *Hubbell* v. *Bissell,* 13 Gray, 298.

The award being thus void as an award under the statute, or, in other words, incapable of enforcement in the manner which the statute provides, the plaintiff sues upon an agreement appended to the original submission. By this agreement the parties bound themselves to perform such award as should be made by the arbitrators, and to pay whatever sum of money should be awarded " in twenty days after the said arbitrators shall have made and published to the said parties their award in the premises."

The objection to the maintenance of the action, which was sustained at the trial, was this : that the obligation of the agreement depended upon the validity of the award as an award under the statute; and that an award upon which no judgment could be rendered would not be an award within the meaning of the agreement.

Such a construction of the agreement would make it wholly nugatory and unmeaning. The parties had included in the submission a matter which could not be the subject of a submission under the statute; and an award made in pursuance of the submission could not therefore be enforced by returning it to the court of common pleas, and rendering a judgment upon it. This stipulation in the submission was therefore impossible and void, because the agreement of the parties could not confer a remedy which the laws do not provide. *Foster* v. *Durant*, 2 Cush. 544. Probably the parties were not aware of this difficulty, and expected an award upon which a judgment could be rendered. If their agreement to perform the award had been made conditional upon its acceptance by the court and a judgment in conformity with it, the agreement would in like manner have been incapable of execution. But upon examining the submission and agreement, we find in the first place a submission to arbitrators, which would have been a lawful and sufficient submission *in pais*, if the void stipulation for the return of the award to the court had not been appended to it. We next find an additional instrument, by which the parties nter into an agreement, with sureties, that they will perform the award, and will pay whatever money may be payable under

it, not after its return to court, not after its acceptance, or judgment rendered and execution issued, but in twenty days after it is " made and published to the said parties." It thus appears that the parties have provided a remedy wholly different from that which the statute gave, to become effectual at another time and in another manner. We think the failure of the statute remedy should not affect their rights under this separate and additional contract; and that the ruling in the court below, that the former judgment was conclusive against the present action, was erroneous.

It will still be open to the defendants to offer any defence which they have, which would be a good answer to an action upon an award at common law, to show that the award is imperfect, or any conduct of the plaintiff or the arbitrators which would tend to vitiate it. *Laflin* v. *Field*, 6 Met. 287.

*Exceptions sustained.*